# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff | **CRIM NO**.: **14-364 (DRD)**. |
| v. | |
| **CHRISTIAN VALLES-COLLAZO (16)** | |
| Defendant | |

## MOTION FOR *DE NOVO* REVIEW REGARDING BAIL

**TO THE HONORABLE DISTRICT COURT:**

**COME NOW** Defendant, Christian Valles-Collazo ("Mr. Valles"), through the undersigned attorneys, and respectfully states and prays to this Honorable Court as follows:

## PRELIMINARY STATEMENT

The particular circumstances of this case warrant that this Honorable Court revisit the determination of the Honorable U.S. Magistrate Judge Silvia Carreño-Coll ("Magistrate Carreño"), entered on May 28, 2014, holding Mr. Valles without bail until trial. Specifically, contrary to Magistrate Carreño's ruling, and as we will demonstrate below, there are various conditions and/or combinations of conditions that will assure the safety of the community if Mr. Valles is released on bail before trial.

This Honorable Court should conduct a *De Novo* review, inasmuch as, during the Bail Hearing, Magistrate Carreño (i) failed to hold the government to its statutory evidentiary burdens; (ii) failed to establish by clear and convincing evidence that Mr. Valles poses a danger to the community; and (iii) failed to determine that Mr. Valles had presented sufficient and undisputed evidence to rebut the statutory presumption of dangerousness and/or risk of flight,

which is applicable to this case pursuant to the pertinent provisions of 18 USC § 3142 (e) (3).

In light of the above, and for the reasons state below, this Honorable Court should schedule a Bail Review Hearing and, in view of the evidence presented, reverse Magistrate Carreño's determination holding Mr. Valles without bail until trial.

## I.     PROCEDURAL BACKGROUND

1.     On May 21, 2014, the Grand Jury issued a thirty six-count indictment charging, among other offenses, organized crime (RICO) conspiracies, weapons, drugs, and civil rights violations against sixteen ex police officers for the Puerto Rico Police Department ("PRPD"), including Mr. Valles. See Docket No. 3.

2.     It must be stressed that Mr. Valles is **not** included in Count One of the Indictment, which charges a RICO conspiracy pursuant to 18 USC § 1962 (d). Said Count lists many of the individuals as members and/or associates of a criminal enterprise, as defined by 18 USC § 1961 (4), **but not** Mr. Valles. *Id*. at page 2 ¶¶ 1 and 2.

3.     Additionally, Mr. Valles is not charged with any illegal drug distribution offense. See Docket No. 3.

4.     Mr. Valles is charged in Counts Twenty Seven to thirty of the Indictment. See Docket. No. 3 at pages 35-38.

5.     Count Twenty Seven charges Mr. Valles with Attempted Robbery under 18 USC § 1951 and 1952.

6.     Count Twenty-Eight charges Mr. Valles with Use and Carrying of a Firearm During and in Relation to a Crime of Violence in alleged violation of 18 USC § 924 (c)(2). **Consequently, and by virtue of 18 USC § 3142 (e)(3)(B), it is presumed that no condition or combination of conditions will reasonably assure the appearance of the**

**person as required and the safety of the community**. (Emphasis Added).

7.    Count Twenty Nine of the Indictment charges Mr. Valles with Conspiracy to Deprive a Person of Civil Rights under 18 USC § 241.

8.    Count Thirty of the Indictment charges Mr. Valles with Theft of Government Money, Property, or Records in violation of 18 USC § 641 (2).

**9.    All Counts in which Mr. Valles is charged are related to a single event, which allegedly occurred on November 20, 2012**. (Emphasis Added).

10.   On May 28, 2014 an Arraignment/Detention Hearing was held as to Mr. Valles. See Docket No. 92.

11.   During the Detention Hearing, the undersigned counsels requested that Mr. Valles be released on bail. Specifically, the undersigned counsels argued that, in light of the particular personal and/or family circumstances of Mr. Valles, there are conditions and/or combinations of conditions available that could reasonably secure the appearance of Mr. Valles at further court proceedings and the safety of the community.

12.   Defense counsel argued that Mr. Valles (i) is a twenty eight year old male that has been a member of the PRPD for the past ten years; (ii) has no past criminal history; (iii) has no history of alcohol and/or substance; (iv) is the only source of income to his family, which includes an eight month old baby; and (v) has strong community and/or family ties, including with his wife, father, mother, stepfather and father in law, brother in law and grandmother in law, who are all willing to guarantee his appearance during further court proceedings.

13.   Furthermore, the undersigned counsels proffered to Magistrate Carreño that Mr. Valles (i) is willing to submit himself to electronic monitoring and/or house arrest; (ii) has

various third party custodians who are willing to supervise him, including his stepfather, who is a retired member of the PRPD; (iii) has already received an employment offer to work at his brother in law's business, under the terms and conditions that the Honorable Court may deem appropriate to guarantee the safety of the community; (iv) is willing to surrender his passport; and (vi) that there are identified real properties valued on or around three hundred thousand dollars ($300,000.00) that are available to serve as collateral to a potential secured bail monetary sum that could be imposed by this Honorable Court.

14.     Additionally, Defense counsel stressed the fact that, for purposes of tackling the issue of dangerousness, the Honorable Court should give substantial weight to the fact that, as established by the Indictment, Mr. Valles is not charged with any drug offense and is not included as a member of the RICO Conspiracy set forth in Count One.

15.     Finally, Defense counsel addressed the particular circumstances of Mr. Valles' arrest, since he did not resist the authorities and voluntarily drove back to his residence to surrender, after having telephonically spoken to one of the arresting agents. During his arrest, the arresting agents registered his family residence and found no illegal weapons and/or illegal substances. Mr. Valles also surrendered his PRPD weapon without any resistance.

16.     During the Detention Hearing, the Government alleged that Mr. Valles is dangerous to the community, in light of the nature of the firearm offense under 18 USC § 924 (c), and due to the fact that he was a police officer with special training in the handling of firearms. Also, the Government proffered alleged evidence regarding Mr. Valles participation in the crimes for which he is charged. Nonetheless, the Government did not

specifically proffer any evidence that could lead Magistrate Carreño to conclude that Mr. Valles had incurred in a particular act of violence against any individual. Also, the Government failed to proffer any evidence whatsoever regarding Mr. Valles specific use of a firearm during and/or in relation to a crime of violence.

17.   **Additionally, the Government incorrectly alleged that Mr. Valles is exposed to a sentence of life imprisonment if convicted in all charges in which he is charged**. (Emphasis Added).

18.   On May 28, 2014, Magistrate Carreño denied Mr. Valles's bail request. The Magistrate found that (i) there was probable cause to believe that Mr. Valles had committed an offense under 18 USC § 924 (c); (ii) Mr. Valles had failed to rebut the presumption that no condition will reasonably assure the safety of the community; and (iii) there is a serious risk that Mr. Valles will endanger the safety of another person or the community. In reaching this determination, Magistrate Carreño relied on the Government's proffer regarding Mr. Valles's role and/or participation in the criminal acts alleged in the Indictment. See Docket Nos. 92 and 108.

## II.   APPLICABLE LAW

### A.   PRETRIAL RELEASE UNDER THE BAIL REFORM ACT

The bail reform provisions set forth in 18 USC § 3142 of the Bail Reform Act ("BRA") give four options for setting bail, including, in the pertinent part, (i) release on conditions; and (ii) detention. Section 3142 (g) of the BRA sets forth the factors the judicial officer shall take into account when setting bail. 18 USC § 3142 (g).

### B.   NATURE OF THE DETENTION HEARING

It is axiomatic that, in light of the rights granted to an accused during said proceedings, a

detention hearing has been described as a "full-blown adversarial hearing" during which the government must convince a "neutral decision maker". United States v. Salermo, 481 US 739 (1987); *see* 18 USC 3142 (f)(2)(B). Notwithstanding, we are well aware of the First Circuit's ruling regarding the holding of an evidentiary detention hearing in the context of an indictment, as held in the case of United States v. Vargas, 804 F. 2d 157 (1st Cir. 1986).

### C.      FACTORS TO BE CONSIDERED FOR SETTING BAIL

The specific factors which the Court must weigh in determining whether pretrial detention is warranted are: (i) the nature and the circumstances of the offense charged; (ii) the weight of the evidence as to guilt or innocence; (iii) the history and characteristics of the accused, including past conduct; and (iv) the nature and gravity of the danger posed by the person released. *Id*; United States v. Rodríguez-Romero, 2014 WL 1891138 * 2 (D. Puerto Rico); United States v. Tortora, 922 F. 2d 884 (1st Cir. 1998); United States v. Gines-Perez, 152 F. Supp. 2d 137, 148 (D.P.R. 2001).

The Eight and Ninth Circuit Court of Appeals have held that the weight of evidence against the accused is one factor to be considered at the detention hearing, but is the least significant factor. United States v. Apker, 964 F. 2d 742 (8th Cir. 1992); United States v. Townsend, 897 F. 2d 989 (9th Cir. 1990).

### D.      PRESUMPTIONS OF DANGEROUSNESS AND RISK OF FLIGHT

Notwithstanding the above, under the BRA, where an accused is charged with crimes that reached a statutorily determined threshold, including firearm offenses under 18 USC § 924 (c), a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 USC § 3142 (e) (3); *see also* Rodríguez-Romero, 2014 WL 1891138 *2. The aforementioned presumption establishes

that the defendant poses a risk both of flight prior to prosecution and a risk of danger to the community; *Id*; United States v. Jessup, 757 F. 2d 378, 384 (1st Cir. 1985).

**The preventive detention provisions on dangerousness should not be invoked to safeguard against harms unrelated to the federal prosecution-giving rise to the bail hearing**. United States v. Ploof, 851 F. 2d 7 (1st Cir. 1988) (defendant's threat to kill his girlfriend's husband could not be considered unless it could be connected to the case). In other words, **when there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty**. *Id*. (Emphasis Added). Also, threat to the safety of other persons or the community may not justify pretrial detention unless the government establishes that the conduct of the defendant involves one of the circumstances listed in 18 USC § 3142 (f)(1)(A-D) and (f)(2)(A-B).

### i.     *BURDEN OF PROOF FOR ESTABLISHING DANGEROUSNESS*

In order to shed light on Mr. Valles's contention that Magistrate Carreño failed to hold the Government to its evidentiary burden on the issue of dangerousness, we must consider what other Courts have considered to constitute clear and convincing evidence of danger: United States v. Simpkins, 826 F. 2d 94 (D.C. Cir. 1987) (defendant was on parole with three prior convictions for violent offenses and in possession of firearms at the time of his arrest); United States. Coonan, 826 F. 2d 1180 (2d Cir. 1987) (defendant made threat to witnesses); United States v. Sozenski, 806 F. 2d 846 (8th Cir. 1986) (if the government proves the existence of a large-scale drug trafficking operation with the ability to continue to function while the defendant awaits trial); United States v. Warren, 787 F. 2d 1357 (8th Cir. 1986) (evidence of prior criminal record including use of firearms). Also, Courts have held that the mere fact a defendant is

charged with a crime of violence will not satisfy the clear and convincing evidence standard. United States v. Chimurenga, 760 F. 2d 400 (2d Cir. 1985); United States v. Ridinger, 623 F. Supp. 1386 (W.D. Mo. 1985).

### ii. DEFENDANT'S BURDEN OF PRODUCTION FOR REBUTTAL

The presumption also serves to shift the burden of production and to require that the defendant introduce "some evidence" to the contrary. Jessup, 757 F. 2d at 381; United States v. O'Brien, 895 F. 2d 810, 815 (1st Cir. 1990). However, it is not merely any evidence that destroys the presumption. Rodríguez-Romero, 2014 WL 1891138 * 2. The holding in *Jessup* requires that the defendant produce "conflicting evidence" as to "danger" and "flight" and then the Court "determine[s] on which side the evidence preponderates." Jessup, 757 F. 2d at 383. In other words, **a defendant need not show that he or she is not guilty to rebut the detention presumptions**. United States v. Domínguez, 783 F. 2d 702 (7th Cir. 1986). (Emphasis Added).

The presumption does not shift the burden to the defendant, because the government retains the burden of proving that no condition will reasonably assure the defendant's appearance. *Id*. Section 3142 (f) of the BRA requires a satisfaction of "clear and convincing" evidence with regards to the determination of dangerousness to the community for purposes of bail. 18 USC § 3142 (f); *see also* United States v. Salerno, 481 US 739, 750 (1987). "**Clear and convincing" evidence means proof <u>that a particular defendant actually poses a danger to the community, no that a defendant in theory poses a danger</u>**. United States v. Patriarca, 948 F. 2d 789 (1st Cir. 1991). (Emphasis Added).

### iii. PERMISSIBLE CONDITIONS OF RELEASE

It must be noted that that the provision that conditions "reasonably assure" appearance and safety does not require a guarantee of appearance or safety. O'Brien, 895 F. 2d 810; United

States v. Fortna, 769 F. 2d 243 (5th Cir. 1985). What the provision requires is an "objectively reasonable" assurance of community safety and the defendant's appearance at trial. *Id*.

The BRA suggests numerous conditions of release that the Court may impose, including permission to impose "any other condition that is reasonably necessary to assure the appearance of the person as required and the safety of any other person or the community." 18 USC § 3142 (c)(1)(B)(xiv). Among others, **house arrest is a permissible condition of release**. United States v. Traitz, 807 F. 2d 322 (3rd Cir. 1986). (Emphasis Added). Curfew restrictions, limitations on the operation of motor vehicles and travel, and communication restrictions are also authorized. *See* 18 USC § 3142 (c). Also, a personal surety bond may be secured by property with that is encumbered as long as there is sufficient equity remaining to assure the appearance of the person as required. *See* 18 USC § 3142 (c)(1)(B)(xii). Finally, and in the relevant part, the Court may also require a third party to act as a custodian and to report to the Court any violation of the release conditions imposed.

Consequently, and in light of the statutory framework mentioned above, even after a defendant has produced evidence to rebut the presumption as to both danger to the community and risk of flight, "the presumption does not disappear, but rather retains evidentiary weight— the amount depending on how closely defendants' case resembles the Congressional paradigm— to be considered with other relevant factors [as those described above]." Rodríguez-Romero, 2014 WL 1891138 *3; Jessup, 757 F. 2d at 387. **Such finding cannot be based on evidence that the defendant has been a danger in the past except insofar as the past suggests future misconduct**. United States v. Domínguez, 783 F. 2d 702 (7th Cir. 1986). (Emphasis Added).

### iv.     *CONTENTS OF DETENTION ORDER*

With regards to the contents of a Detention Order, 18 USC § 3142 (i) requires that,

9

among others, it include **written findings of fact and a written statement of the reasons for the detention**. (Emphasis Added).

### v.    *DE NOVO* REVIEW OF BAIL DETERMINATIONS

When a magistrate judge's detention order is contested, the Court must consider the matter *de novo* under the guidelines set forth pursuant to Section 3142 of the BRA. 18 USC § 3142; *see* United States v. Tortora, 922 F. 2d 880, 883 (1st Cir. 1998).

### III.    LEGAL ARGUMENT

As mentioned above, it must be recognized that, inasmuch as Mr. Valles is charged with firearm offense under 18 USC § 924 (c), the rebuttable presumption of detention without bail is triggered. *See* 18 USC § 3142 (e)(3)(C). Notwithstanding, and prior to determining whether the evidence proffered favors detention or bail, the Honorable Court should cautiously evaluate the statutory factors set forth at 18 USC § 3142 (g)(1), (2), (3) and (4).

In the instant case, it is Mr. Valles's contention that Magistrate Carreño erred in making the determination of detention pending trial. Particularly, Mr. Valles contends that Magistrate Carreño (i) failed to hold the government to the clear and convincing evidence burden of proof for establishing the element of dangerousness applicable to presumption cases under the BRA; (ii) failed to set forth sufficient reasons for basing a clear and convincing evidence of Mr. Valles' dangerousness with regards to the instant federal prosecution; and (iii) failed to determine that Mr. Valles had rebutted the presumption of dangerousness with adequate conflicting evidence, including various proposals regarding conditions and/or combinations of conditions for release pending trial.

For purposes of this motion, we will address the four factors that are pertinent for bail determinations under the BRA. *Id*.  For practical purposes and convenience of this Honorable

Court, the factors regarding nature and circumstances surrounding the offense and weight of the evidence as to guilt or innocence will be addressed jointly.

### A.     The nature and circumstances of the offense and the weight of the evidence.

As a threshold matter, it must be stressed that, according the Indictment, Mr. Valles is not charged with being a member of a criminal enterprise and/or RICO conspiracy. Mr. Valles is also not charged with any drug offense.  Mr. Valles is only charged in four of the thirty six counts contained in the Indictment, which include violations related to (i) attempted robbery; (ii) conspiracy to deprive a person of civil rights; (iii) a firearm offense under 18 USC § 924 (c); and (iv) theft of government property. Contrary to the Government's assertions during the Detention Hearing, these charges do not entail a maximum term of life imprisonment for Mr. Valles.

Prior to addressing the matters herein, it must be stressed that during his arrest, Mr. Valles fully cooperated with the arresting agents and voluntarily surrendered to them. Specifically, when the arresting agents arrived at Mr. Valles's family residence, he had left for work, and received a call from the agents requesting that he return to the residence. Without any hesitation, and in full cooperation, Mr. Valles complied with the agent's request and drove back to his residence and peacefully surrendered to the arresting agents present in his home. Also, during his arrest, no illegal weapons and/or illegal substances were found in his residence. Mr. Valles voluntarily surrendered his PRPD weapon.

During the Detention Hearing, the Government merely alleged that there were video recordings of the alleged criminal activity committed by Mr. Valles, which allegedly showed him in possession of an unidentified firearm during an attempted robbery. Notwithstanding, the Government did not particularly proffer any evidence that could lead the Honorable Court to conclude that Mr. Valles actually, and in fact, used any firearm during the commission of a crime

of violence. Moreover, the Government did not even proffer any evidence that Mr. Valles presented and/or pointed a firearm to a particular individual during the alleged robbery. These general proffers are clearly insufficient for establishing that the weight of the evidence against Mr. Valles is overwhelming with regards to the firearm offense under 18 USC § 924 (c).

Furthermore, the Government's justification for contending that Mr. Valles poses a danger to the community was also insufficient for meeting the clear and convincing evidence burden of proof. The Government did not proffer any evidence that could reasonably lead Magistrate Carreño to determine that there is a real strong probability that Mr. Valles would commit additional crimes if released pending trial. As discussed above, a determination of dangerousness for purposes of bail must be supported by clear and convincing evidence that the defendant would commit additional crimes. The Government did not proffer any evidence to that effect.

There are additional reasons to establish that the Court failed to hold the Government to its evidentiary burden for purposes of establishing dangerousness. The Government did not proffer any evidence establishing that Mr. Valles has a violent past and/or character. The Government did not allege that Mr. Valles has and/or will make any threats to witnesses in the case. Additionally, the Government did not proffer any evidence regarding Mr. Valles's alleged membership in any drug trafficking and/or violent criminal organization with ability to operate during his release. The Government did not allege that Mr. Valles poses a threat to any particular individual in the community. The absence of evidence to the contrary clearly establishes that the Government does not have clear and convincing evidence to establish Mr. Valles poses a danger to the community if released.

The Government contends that Mr. Valles is a dangerous person, since he was a police

12

officer who received specialized training in the use and/or handling of firearms and/or weapons. Notwithstanding, this sole allegation is insufficient for establishing dangerousness. As discussed above, Courts have held that **the mere fact a defendant is charged with a crime of violence will not satisfy the clear and convincing evidence standard**. United States v. Chimurenga, 760 F. 2d 400 (2d Cir. 1985); United States v. Ridinger, 623 F. Supp. 1386 (W.D. Mo. 1985). (Emphasis Added). Absent specific evidence, the mere fact that Mr. Valles is charged with an alleged violation of 18 USC § 924 (c) does not constitute clear and convincing evidence of dangerousness to the community. As mentioned above, a detention determination **cannot be based on evidence that the defendant has been a danger in the past except insofar as the past suggests future misconduct**. United States v. Domínguez, 783 F. 2d 702 (7th Cir. 1986). (Emphasis Added). In this case, the Government did not proffer evidence that Mr. Valles past suggests future misconduct, since the facts imputed in the Indictment against him allegedly occurred on November 20, 2012.

In light of the evidence proffered by the Government during the Detention Hearing, Mr. Valles respectfully contends that Magistrate Carreño erred in determining that the weight of the evidence against him is overwhelming, since from the evidence proffered it cannot be concluded that the same favors guilt.

### B.     *The history and characteristics of the accused.*

During the Detention Hearing, the undersigned counsels argued that Mr. Valles past history and personal characteristics favored his release pending trial. Mr. Valles is a 28-year-old ex PRPD officer who is married, since January 30, 2010, and is the father of an eight-month-old child. Mr. Valles had a distinguished career in the PRPD, earning awards and/or recognitions such as Agent of the Year. He is the only source of income for his family and has an excellent

marriage with no history of domestic violence and/or disputes. Mr. Valles has never been convicted of any crimes and has no known history of violence. Mr. Valles also has no history of alcohol and/or substance abuse.

Further, Defense Counsel argued that Mr. Valles has been living in the same residence for the past three years and has strong family ties, which includes taking care of the medical needs of his father and celebrating holidays and vacations with his immediate family.

In light of these personal circumstances, including the circumstances surrounding his arrest, Defense counsel argued that Mr. Valles's is one in which a condition and/or combination of conditions could be imposed to secure his appearance at trial and secure the safety of the community, to which he does not represent a known danger.

To argue in favor of the imposition of bail, Mr. Valles proffered alternate combinations of conditions of release, including, (i) house arrest; (ii) third party custodians, which included his stepfather, who is an ex PRPD officer; and (iii) twenty four hour electronic monitoring. Defense counsel also proffered evidence to the fact that, if released, Mr. Valles had already secured an employment offer from his brother in law's business, which could be adapted to any curfew and/or transportation condition that the Court could impose. Also, Defense counsel informed that the Court that Mr. Valles's family had already identified real property valued on or around three hundred thousand dollars to serve as collateral for a secured amount that could be imposed as bail.

Notwithstanding the above proffers, Magistrate Carreño, without any actual evidence of dangerousness, entered an Order denying bail. Certainly, and in the particular context of Mr. Valles's personal circumstances, there are various conditions and/or combination of conditions of release that could serve to guarantee appearance and safety. Consequently, Mr. Valles

respectfully requests that this Honorable Court review Magistrate Carreño's Detention Order.

### C.      *The nature and gravity of the danger posed by the person's release.*

As already mentioned, during the Detention Hearing, the Government failed to proffer clear and convincing evidence that Mr. Valles poses a danger to the community should bail be granted. Moreover, Mr. Valles proffered sufficient conflicting evidence to rebut the presumption that he poses a danger to the community.

Particularly, and as also mentioned above, the mere fact that Mr. Valles was a police officer, who received specialized training in the use and/or handling of firearms, is not sufficient evidence to establish dangerousness. The Government did not proffer any evidence that Mr. Valles has a violent character or that he, in fact, used and/or present a firearm during the alleged commission of the crimes for which he is charged. Mr. Valles has no past criminal history and there is no evidence that a strong probability of future crime commission by Mr. Valles exists. Also, there is no evidence that Mr. Valles has intimidated witnesses or that he is a member of violent drug trafficking and/or criminal organization. The actual fact is that Mr. Valles is not charged with being a member of the criminal enterprise who is charged with a RICO conspiracy. Mr. Valles is also not charged with illegal drug distribution offenses.

Contrary to the Government's failure to comply with its burden, Mr. Valles complied with his burden of production, since he provided conflicting evidence to establish that, there are permissible conditions and/or combinations of conditions of release that would guarantee that he appears at trial and does not pose a threat to the community.

Consequently, in light of the fact that the Government failed to meet its burden of production for establishing dangerousness, and in view of the sufficient conflicting evidence presented by Mr. Valles, this Honorable Court should revisit Magistrate Carreño's bail

determination and, upon conditions imposed, release Mr. Valles pending trial.

**WHEREFORE** Christian Valles-Collazo respectfully requests that this Honorable Court (i) take notice of the foregoing; (ii) enter an Order scheduling a prompt Bail Review Hearing; and (iii) grant any further relief that may be deemed just and appropriate, in light of the particular circumstances of the instant case.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 10th day of June, 2014

**I HEREBY CERTIFY**: That I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record of all the parties in the above captioned case.

**CARLOS J. SAGARDÍA-ABREU**
*Attorney for Christian Valles-Collazo*
1353 Ave. Luis Vigoreaux PMB 678
Guaynabo, PR 00966
Tel. (787) 360-7924
Email: carlos.sagardia@gmail.com

By: s/*Carlos J. Sagardía-Abreu*
    Carlos J. Sagardía-Abreu
    USDC PR No. 227510

**LLOYD ISGUT-RIVERA**
*Attorney for Christian Valles-Collazo*
1126 Central Ave.
San Juan, PR 00922
Tel.  (787) 243-0195
E-mail: lloyd.isgut@gmail.com

By: s/*Lloyd Isgut-Rivera*
    Lloyd Isgut-Rivera
    USDC NO. 229307