UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>**[16] CHRISTIAN VALLES COLLAZO,**<br>Defendant. | CASE NO. 14-364 (DRD) |

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B))

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel, Leslie R. Caldwell, Assistant Attorney General; Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Jack Smith, Chief, Public Integrity Section; José Ruíz, Assistant United States Attorney, Chief, Criminal Division; Timothy Henwood, Assistant United States Attorney, Unit Chief, White Collar Crimes; Mariana E. Bauzá-Almonte, Assistant United States Attorney; Brian K. Kidd, Trial Attorney, Public Integrity Section; Emily Rae Woods, Trial Attorney, Public Integrity Section; Menaka Kalaskar, Trial Attorney, Public Integrity Section; along with defendant's counsel, Carlos J. Sagardia-Abreu, Esq.; and Lloyd Isgut-Rivera, Esq.; and defendant **[16] CHRISTIAN VALLES COLLAZO**, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH THE DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT TWENTY-SEVEN of the Indictment.

1

Count Twenty-Seven of the Indictment charges the defendant with Attempted Robbery, in violation of Title 18, United States Code, Section 1951.

**2.    MAXIMUM PENALTIES**

The defendant understands that the penalty for Count Twenty-Seven is as follows: a term of imprisonment of not more than twenty years; a fine of not more than $250,000.00; and a term of supervised release of not more than 3 years.

**3.    ADVISORY NATURE OF THE SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decisions issued on January 12, 2005, by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory. Further, the defendant acknowledges that he is aware that parole has been abolished and the imposition of a sentence may not be suspended.

**4.    SPECIAL MONETARY ASSESSMENT**

The defendant shall pay a special monetary assessment of $100.00 per count of conviction.

**5.    FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and the defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no

2

recommendations as to the imposition of fines or restitution.

6.   **RULE 11(e)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. The defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7.     SENTENCING GUIDELINES CALCULATIONS

The United States and the defendant agree as to the following Sentencing Guideline calculations:

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| **COUNT TWENTY-SEVEN** | |
| Base Offense Level, U.S.S.G. § 2B3.1(a) | 20 |
| Possession of Firearm, U.S.S.G. § 2B3.1(b)(2)(C) | +5 |
| Physical Restraint of a Victim, U.S.S.G. § 2B3.1(b)(4)(B) | +2 |
| Loss Amount, U.S.S.G. § 2B3.1(b)(7) | +1 |
| Abuse of a Position of Trust, U.S.S.G. § 3B1.3 | +2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 | -3 |
| **TOTAL OFFENSE LEVEL** | **27** |
| **Potential Guideline Range** *(Assuming Criminal History Category 1)* | **CHC I 70-87 months** |



A.     SENTENCE RECOMMENDATION: The parties jointly recommend a sentence at the **upper end** of the applicable guideline range for Count Twenty-Seven.

B.     CRIMINAL HISTORY CATEGORY: The parties make **no** stipulation as to the defendant's Criminal History Category.

C.     GROUP PLEA SENTENCING REDUCTION: In the event all 16 defendants file a motion for change of plea on or before August 14, 2014, and subsequently plead guilty on the date set by the Court, the government will recommend that the defendant's Total Offense Level for Count Twenty-Seven be reduced by 1 point. In the instant case, that would result in a Total Offense Level of 26 for Count Twenty-Seven, which would correspond to a Potential Guideline

Range of 63-78 months (assuming CHC I).  To the extent this provision is activated, the parties would jointly recommend a sentence at the **upper end** of the applicable guideline range for Count Twenty-Seven.  If all 16 defendants **do not** comply with the above terms, the Package Plea Provision will not go into effect and the parties agree to recommend a sentence consistent with the sentencing recommendation set forth in paragraph 7(A).

**8.   WAIVER OF APPEAL**

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in paragraph 7 of this Plea Agreement.

**9.   NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that other than as specified above in paragraph 7, no further adjustments or departures shall be sought by the parties.

**10.   FORFEITURE**

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States the sum of money of $20,820.00 in United States currency or substitute asset or assets up to that amount, which constitutes or is derived from proceeds generated or traceable to the offenses charged in Count Twenty-Seven and Count Thirty of the Indictment.  The defendant will be held jointly and severally liable for this sum with any and all co-defendants convicted of Count One, Count Twenty-Seven, or Count Thirty of the Indictment.  Further, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation up to the amount stated above.  In satisfaction of this money judgment, the defendant will enter into a

payment plan, and in the event that the defendant fails to comply with the payment plan, the government will proceed against any substitute assets up to the amount of $20,820.00.

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000.00 that, within the last five years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or

6

punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

The defendant, by agreeing to the forfeiture of the amount stated above, acknowledges that such forfeiture is not grossly disproportional to the gravity of the offense conduct to which the defendant is pleading guilty.

The defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.



### 11.  SATISFACTION WITH COUNSEL

The defendant represents to the Court that he is satisfied with his counsel and indicates that counsel has rendered effective legal assistance.

### 12.  RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

The defendant understands that by entering into this agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, the defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be

conducted by a judge sitting without a jury if the defendant, the United States, and the judge agree.

    b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent; that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt; and that it must consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.



    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

    e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

13. **DISMISSAL OF REMAINING COUNTS**

At sentencing, the United States shall request the dismissal of the remaining counts against the defendant in the Indictment.

14. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **LIMITATIONS OF PLEA AGREEMENT**



This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico, the Public Integrity Section, Criminal Division, U.S. Department of Justice, and the defendant; it does not bind any other federal district, state or local authorities. Furthermore, the defendant is fully aware that the Court is not bound by this Plea Agreement, including but not limited as to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations.

16. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms or conditions not stated herein.

17. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, or conditions will be entered unless in writing, signed by all parties.

18. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

19. **BREACH AND WAIVER**

The defendant understands and agrees that if the defendant breaches the Plea Agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this Plea Agreement, the Government reserves the right to take whatever steps are necessary to nullify the Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this Plea Agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

20. **WITHDRAWAL OF GUILTY PLEA FOR NO REASON OR ANY REASON**

Should the defendant, after pleading guilty before a judicial officer, withdraw his guilty plea for no reason or any reason, defendant's entire Plea Agreement (including the statement of facts) and the transcript of defendant's change of plea colloquy shall be admissible at trial against the defendant during the United States' case-in-chief and at any other judicial or administrative proceeding and the defendant shall assert no claim under the United States Constitution, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any statute or rule to prevent its admissibility.

**RESPECTFULLY SUBMITTED.**

| | |
|---|---|
| **ROSA EMILIA RODRÍGUEZ-VÉLEZ**<br>United States Attorney<br>District of Puerto Rico | **JACK SMITH**<br>Chief, Public Integrity Section<br>United States Department of Justice |

_____
José A. Ruíz
Chief, Criminal Division
Date: 8/14/14

_____
Timothy Henwood
Chief, White Collar Crime Unit
Date: 8-14-14

_____
Mariana E. Baúzá
Assistant United States Attorney
Date: 8/14/14

_____
Christian Valles Collazo
Defendant
Date: August 21, 2014

_____
Brian K. Kidd
Trial Attorney, Public Integrity Section
Date: 8/10/14

_____
for Emily Rae Woods
Trial Attorney, Public Integrity Section
Date: 8/15/14

_____
for Menaka Kalaskar
Trial Attorney, Public Integrity Section
Date: 8/15/14

_____
Carlos J. Sagardía-Abreu
Counsel for Defendant
Date: August 21, 2014

_____
Lloyd Irgut-River
Counsel for Defendant
Date: August 21, 2014

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: August 21, 2014

_____
Christian Valles Collazo
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. I have translated the Plea Agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: August 21, 2014

_____
Carlos J. Sagardía-Abreu
Counsel for Defendant

12

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for Count Twenty-Seven. The following is a synopsis of the facts:

**COUNT TWENTY-SEVEN: Attempted Robbery**

On or about November 20, 2012, in the District of Puerto Rico, the defendant, [16] CHRISTIAN VALLES COLLAZO, along with others, did attempt to knowingly and unlawfully obstruct, delay, and affect, in any way and degree, commerce, and the movement of articles and commodities in commerce, by robbery, in that the defendant, [16] CHRISTIAN VALLES COLLAZO, and others, knowingly and unlawfully took and obtained, and attempted to take and obtain from a person and presence of such person, United States currency, that is, $30,172, against such person's will, by means of actual and threatened force, violence and fear of injury, immediate and future, to the person and the property in the person's custody and possession. During the commission of this offense, [16] CHRISTIAN VALLES COLLAZO, along with his co-defendants, used and carried firearms.

At trial, the United States would have proven beyond a reasonable doubt that defendant [16] CHRISTIAN VALLES COLLAZO is guilty as charged in COUNT TWENTY-SEVEN of the Indictment by presenting physical and documentary evidence, photographs, audio and video recordings, testimony of forensic chemists, victims, cooperating witnesses, as well as the testimony of law enforcement agents, among others.

Full discovery has been timely provided to the defendant.

_____
José A. Ruíz
Chief, Criminal Division
Date: 8/15/14

_____
Timothy Henwood
Chief, White Collar Crime Unit
Date: 8-15-14

_____
Mariana E. Bauzá
Assistant United States Attorney
Date: 8/14/14

_____
Christian Valles Collazo
Defendant
Date: August 21, 2014

_____
Brian K. Kidd
Trial Attorney, Public Integrity Section
Date: 8/15/14

_____
for Emily Rae Woods
Trial Attorney, Public Integrity Section
Date: 8/15/14

_____
for Menaka Kalaskar
Trial Attorney, Public Integrity Section
Date: 8/15/14

_____
Carlos J. Sagardia-Abreu
Counsel for Defendant
Date: August 21, 2014

_____
Lloyd Irgot-Rivera
Counsel for Defendant
Date: August 21, 2014