AO 245B   (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

JUDICIAL DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| YOVANNY CRESPO-CANDELARIA | ) | Case Number: 3:14-CR-0364-001 (DRD) |
| | ) | USM Number: 44374-069 |
| | ) | Francisco Acevedo-Padilla, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One (1) of the Indictment on 9/10/2014.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Conspiracy to violate the Racketeer Influenced and Corrupt Organization Act. | 05/21/2014 | 1 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   remaining   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 18, 2014
Date of Imposition of Judgment

S/ Daniel R. Dominguez
Signature of Judge

Daniel R. Dominguez          Senior U.S. District Judge
Name and Title of Judge

December 18, 2014
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: YOVANNY CRESPO-CANDELARIA
CASE NUMBER: 3:14-CR-0364-001 (DRD)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

SEVENTY (70) MONTHS. DEFENDANT SHALL RECEIVE CREDIT FOR TIME ALREADY SERVED.

☑ The court makes the following recommendations to the Bureau of Prisons:
- The Court recommends that defendant be designated to an Pensacola, FL.
- The defendant shall be afforded vocational treatment (welding).

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
              Sheet 3 — Supervised Release

DEFENDANT: YOVANNY CRESPO-CANDELARIA
CASE NUMBER: 3:14-CR-0364-001 (DRD)

Judgment—Page **3** of **6**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE (5) YEARS AS TO EACH COUNT TO BE SERVED CONCURRENTLY WITH EACH OTHER.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page  3A  of  6

DEFENDANT: YOVANNY CRESPO-CANDELARIA
CASE NUMBER: 3:14-CR-0364-001 (DRD)

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The Defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall not unlawfully possess controlled substances.

3. The defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

4. The defendant shall provide the U.S. Probation Officer access to any financial information upon request.

5. The defendant shall submit to a search of his person, property, house, residence, vehicles, papers, computer, other electronic communication or data storage devices or media, and effects (as defined in Title 18, U.S.C., Section 1030(e)(1)), to search at any time, with our without a warrant, by the probation officer, and if necessary, with the assistance of any other law enforcement officer (in the lawful discharge of the supervision functions of the probation officer) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. The probation officer may seize any electronic device which will be subject to further forensic investigation/analyses. Failure to submit to such a search and seizure, may be grounds for revocation. The defendant shall warn any other residents or occupants that their premises may be subject to search pursuant to this condition. In consideration of the Supreme Court's ruling in Riley v. California, the court will order that any search of the defendants phone by probation, while the defendant is on supervised release, be performed only if there is reasonable articulable suspicion that a specific phone owned or used by the defendant contains evidence of a crime or violation of release conditions, was used in furtherance of a crime, or was specifically used during the actual commission of a crime.

6. The defendant shall cooperate in the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, United State Code, Section 3563(a)(9).

FORFEITURE: Pursuant to the plea agreement, the defendant agrees to forfeit to the United States the sum of money of $175, 000.00 in United States currency or substitute asset or assets up to that amount, which constitutes or is derived from proceeds generated or traceable to the RICO Enterprise, in violation of Title 18, U.S.C. § 1962(d). The defendant will be held jointly and severally liable for this sum with any and all co-defendants convicted of Cone One of the Indictment. For $19,347.00 of this sum, the defendant will also share joint and several liability with any and all co-defendants convicted of Count Twenty-Seven or Count Thirty of the Indictment. Further, the defendant shall forfeit to the United States all of his interests in any asset of a value of more than $1,000 that, within the last five (5) years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

DEFENDANT: YOVANNY CRESPO-CANDELARIA
CASE NUMBER: 3:14-CR-0364-001 (DRD)

Judgment — Page __4__ of __6__

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: YOVANNY CRESPO-CANDELARIA
CASE NUMBER: 3:14-CR-0364-001 (DRD)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

$175,000.00 in United States currency or substitute asset or assets up to that amount, which constitutes or is derived from proceeds generated or traceable to the RICO Enterprise. The defendant will be held jointly and severally liable for this sum with any and all co-defendants convicted of Count One of the Indictment. For $19,347.00 of this sum, the defendant will also share joint and several liability with any and all co-defendants convicted of Count Twenty-One or Count Twenty-Three of the Indictment.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.